SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JOHN T. BROOKS, Cal Bar No. 167793
jbrooks@sheppard.com
JEFFREY V. COMMISSO, Cal Bar No. 191267
jcommisso@sheppard.com
LUKE W. NELSON, Cal Bar No. 352388
lnelson@sheppard.com
501 West Broadway, 18th Floor
San Diego, California 92101-3598
Telephone:  619.338.6500
Facsimile:   619.234.3815

Attorneys for Plaintiff
Travelers Commercial Insurance Co.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TRAVELERS COMMERCIAL INSURANCE CO., <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH TORRES, <br><br> Defendant. | Case No. 2:26-cv-2649 <br><br> **COMPLAINT** |

**SUMMARY OF THE ACTION**

1.    This is an action to enforce a settlement agreement and for damages caused by Joseph Torres's breach of that agreement.  Plaintiff Travelers Commercial Insurance Company insured Noel Gonzalez and Amaro Aguilar Alvarado under an automobile insurance policy with liability coverage.  On August 18, 2024, Alvarado was driving an insured vehicle when a vehicle driven by Torres collided with him.  Torres was allegedly injured.  Torres threatened to sue Gonzalez and Alvarado and, pursuant to the insurance policy, Travelers retained counsel to defend them against any such suit.  After negotiation, Torres agreed to settle his claims against Gonzales and Alvarado.  Torres later reneged on the agreement, denied any settlement, and continues to threaten suit.

**PARTIES**

2.    Plaintiff Travelers Commercial Insurance Company ("Travelers") is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford County, Connecticut.  Travelers does not have substantial predominance of its corporate activities in the State of California.  Its corporate "nerve center," where the majority of its executive and administrative functions are performed, is in Hartford, Connecticut.  Thus, Travelers is domiciled in the State of Connecticut for purposes of diversity jurisdiction.

3.    Defendant Joseph Torres ("Torres") is a competent adult who is a California citizen, a California resident, and is domiciled in California.

**JURISDICTION**

4.    The Court has jurisdiction under 28 U.S.C. § 1332 because this is a civil action between citizens of different states where the matter in controversy exceeds $75,000, exclusive of interest and costs.

**VENUE**

5.    Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the action occurred in this District.

**COMMON ALLEGATIONS**

6.    Travelers issued an automobile liability policy to Noel Gonzalez for the period of December 21, 2023, to December 21, 2024 (the "Auto Policy").  The Auto Policy covered Noel Gonzalez and Amaro Aguilar Alvarado for liability for damages caused by an automobile accident and is subject to bodily injury coverage limits of $15,000 per person / $300,000 per accident.  The Auto Policy was in effect in September 2021.

7.    On August 18, 2024, Torres was allegedly injured in an automobile accident with Alvarado (the "Collision").

8.    On November 25, 2025, Torres, through his lawyer, offered to settle and release all claims against Gonzalez and Aguilar in exchange for the $15,000 per person limits of the Policy (to be paid by Travelers on Gonzalez and Aguilar's behalf).

9.    On or before December 22, 2025, Travelers accepted Torres's offer.

10.    Torres has failed and refused to sign a release as agreed.

11.    In the event of suit, Travelers is obligated to provide a defense for Gonzalez and Aguilar under the terms of the Auto Policy until the lawsuit is settled, dismissed, or proceeds to judgment, which has or will result in current and future damages to Travelers (including but not limited to attorney fees damages for the defense of Gonzalez and Aguilar, which fees Travelers would not be incurring but for Torres's breach) in excess of $75,000.

# FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

12.	Travelers incorporates all allegations set forth above as though fully set forth herein.

13.	On November 25, 2025, Torres offered to settle and release all claims against Gonzalez and Aguilar for $15,000.

14.	On or before December 22, 2025, Travelers accepted Torres's offer. Consequently, Torres's contracted to settle his claims against Gonzalez and Aguilar (the "Settlement Agreement").

15.	Travelers was always, and still is, ready, willing, and able to perform on Gonzalez and Aguilar's behalf all conditions required by and in accordance with the terms and conditions of the Settlement Agreement.

16.	Torres has failed and refused, and continues to fail and refuse, to perform the conditions of the Settlement Agreement on his part in that he refuses to execute a release as provided in the agreement.

17.	Travelers has no adequate remedy at law in that damages will not redress the principal harm the Settlement Agreement was intended to prevent, i.e., litigation against Gonzalez and Aguilar.  Therefore, Travelers is entitled to specific performance of the Settlement Agreement as well as all consequential damages from Torres's breach.

18.	As a result of Torres's failure to honor the Settlement Agreement, Travelers has been damaged because: (i) Travelers is paying or will pay lawyers to defend against any suit as well as litigation costs; and (ii) Travelers is exposed to additional future harm from any suit.

19.	Travelers' total damages have or will exceed $75,000.

## SECOND CAUSE OF ACTION

## DECLARATORY RELIEF

20.    Travelers incorporates all allegations set forth above as though fully set forth herein.

21.    An actual and justiciable controversy exists between Travelers and Torres concerning Travelers' and Torres's rights, duties, and obligations under the Settlement Agreement alleged above.

22.    Torres contends that he has the right to sue Gonzalez and Aguilar and has denied any Settlement Agreement exists.  Travelers contends that he is wrong, and that he is obligated – under the Settlement Agreement – to execute a complete release of all claims against Travelers' insured(s).

23.    Pursuant to F.R.C.P. 57 and 28 U.S.C. § 2201, the Court may and should declare the rights of the parties with respect to this controversy.

24.    As a result of Torres's failure to honor the Settlement Agreement, Travelers has been damaged because: (i) Travelers will continue to pay lawyers to defend against any suit as well as litigation costs; and (ii) Travelers is exposed to additional future harm from any suit.

25.    Travelers' total damages have or will exceed $75,000.

## PRAYER

Travelers prays for judgment against Torres as follows:

1.    A judicial declaration that Torres is obligated, under the contract, to execute a settlement agreement and release of all bodily injury claims against Travelers' insured(s);

2.    A judicial declaration that Torres cannot proceed with a claim for bodily injuries against Travelers' insured(s);

3.    That Torres be ordered to execute and deliver to Travelers a settlement agreement and release of all bodily injury claims against Travelers' insured(s);

4.    Injunctive relief to prevent Torres from suing Gonzalez or Aguilar or otherwise causing future harm;

5.    Travelers' litigation costs incurred after the Settlement Agreement was formed, including attorney fees and costs in defending Travelers' insured(s);

6.    Other damages in an amount to be determined at trial; and

7.    Such other and further relief as the court may deem proper.


Dated:  March 12, 2026          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


                        By      _/s/ Jeffrey V. Commisso_
                                JOHN T. BROOKS
                                JEFFREY V. COMMISSO
                                LUKE W. NELSON
                          Attorneys for Plaintiff Travelers Commercial
                                Insurance Co.